UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN WESLEY SMITH            CIVIL ACTION NO. 11-cv-1269

VERSUS

BEUSA ENERGY, INC., ET AL        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

John Wesley Smith filed this action in state court against Beusa Energy, LLC, which removed the case based on diversity jurisdiction. Smith has filed a Motion for Leave to Amend (Doc. 11) by which he proposes to add new defendants Ford Family Trust, LLC and Certain Underwriters at Lloyd's London Subscribing to Policy Number 09CGLH7795. There is, for the reasons discussed below, concern that the addition of either of these defendants could destroy diversity.

The citizenship of Ford Family Trust, LLC would be determined by looking to the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009). Smith states in his proposed amended complaint that records of the Louisiana Secretary of State indicate that the initial members/managers of the LLC included three persons with Louisiana addresses. If any current member of the LLC is, like Smith, a Louisiana citizen, diversity would be destroyed by adding the LLC as a defendant.

Smith alleges that the Lloyd's Underwriters insure Beusa, the original defendant, in connection with the claims at issue. Most federal courts agree that when determining the diversity of citizenship in a case involving Lloyd's of London underwriters, all of the "names" who serve as underwriters must be taken into consideration. See Johnson v. Certain Underwriters at Lloyd's London, 2009 WL 3232006 (E.D. La. 2009). If one of the names is a citizen of Louisiana, it would destroy diversity. Even determining the identity and citizenship of the names can be difficult, as several of them often join to underwrite a policy.

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors

bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

The parties will be allowed to brief these factors before the court addresses the motion. Smith will be allowed until **January 23, 2012** to file a memorandum that addresses the Hensgens factors and argues why the amendment should be granted. Beusa may file a memorandum in opposition within 14 days after Smith files his memorandum. Smith may file a reply memorandum, without leave of court, within seven days after Beusa files its opposition. The court will then issue a written ruling in due course.

The **follow-up status conference set for January 18, 2012** at 11:00 a.m. is **hereby upset**. The conference will be rescheduled, if needed, after the pending motion is resolved.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of January, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE