UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN WESLEY SMITH                       CIVIL ACTION NO. 11-cv-1269

VERSUS

BEUSA ENERGY, INC., ET AL              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

John Wesley Smith ("Plaintiff") alleged in a state court petition that he was at work "when the private road in DeSoto Parish he was traveling gave way and overturned the 18-wheeler he was driving, throwing the motor onto plaintiff's leg."  Plaintiff named as defendant Beusa Energy, LLC, which he alleged had an obligation to maintain the road and keep it properly repaired.  The state court petition also listed an unknown insurer of Beusa as a defendant.

Beusa removed the case based on an assertion of diversity jurisdiction.  Plaintiff has now filed a Motion for Leave to File Amended Complaint (Doc. 11) by which it proposes to add the now identified insurer and Ford Family Trust, LLC ("FFT"), the alleged owner of the road.  Beusa does not oppose granting leave to add the now identified insurer, Certain Underwriters at Lloyd's of London, but it opposes adding FFT, which it contends shares Plaintiff's Louisiana citizenship and would destroy diversity jurisdiction.  For the reasons

that follow, the motion for leave to amend will be granted and the case will be remanded to state court.

**Hensgens and the Proposed Amendment**

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case.  28 U.S.C. § 1447(e).  The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999).  Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment."  Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

**Analysis**

Beusa agrees to the addition of the Lloyd's insurer, and it submits evidence that it contends shows the insurer would not destroy diversity.  The court believes that some additional information may be necessary to determine citizenship, but that issue need not be explored if Plaintiff is allowed to add FFT as a defendant, as that will destroy diversity and require remand in any event.

The state court petition did not make reference to an owner of the road being potentially liable.  Soon after removal, the parties filed a Case Management Report (Doc. 7) in which Plaintiff stated that he anticipated seeking leave to amend to add the name of the (then) unknown insurer for Beusa and "any other parties liable for the damages" to Plaintiff. Beusa stated that it anticipated seeking leave to "add the owner of the road where the accident occurred herein; the person responsible for maintaining the road where the accident occurred herein; and any other parties who may be at fault for the accident herein."  A scheduling conference was then held, and the minutes that followed it stated that the "parties anticipate seeking leave to join additional parties (persons who may have owned or maintained the road in question) which may cause the court to need to re-examine diversity jurisdiction."  Doc. 9.

On the deadline for moving to join new parties, Plaintiff filed his motion.  He proposes to amend, among other things, paragraph four to assert that both Beusa and FFT had an obligation to maintain the road and keep it properly repaired.  The proposed amended complaint does not explain the relationship between Beusa and FFT, but the overall record

suggests that perhaps FFT is the landowner and Beusa is a mineral lessee or similarly situated person.

Plaintiff explains that, about a month after the removal, counsel were preparing the Case Management Report when discussion arose about adding the owner of the road as a party.  The report itself suggests that it was Beusa that intended to add the owner, but Plaintiff did soon propound discovery to Beusa in an effort to learn the identity of the owner. Beusa finally identified FFT in a supplemental discovery response tendered about two weeks before Plaintiff filed his motion for leave to amend.

Plaintiff argues in his memoranda that the owner could be responsible for the condition of the road under La. Civil Code Art. 2317.  And even if FFT contracted with the Beusa for Beusa to be responsible for maintaining the road, the agreement did not divest FFT of potential liability to third parties for the condition of its property.  Beusa responds that it has a contractual agreement to indemnify FFT for any such damages, so FFT's presence adds nothing to the case.

Even when an owner is protected by such an indemnity provision, a plaintiff may quite reasonably sue the owner because of the potential for unforseen insolvency by the party who backs the indemnity.  Plaintiff also cannot be faulted for adding as a defendant a party the existing defendant has identified as someone it may consider to be at fault.  Plaintiffs generally desire to avoid having a defendant be able to point to an empty chair as the actually responsible party.  There has been some written discovery, but no depositions, and Beusa has not articulated any significant prejudice that would befall it if leave were granted.  Whether

Plaintiff would suffer any actual prejudice if leave is denied is difficult to predict, but none is readily apparent aside from the prospect of filing a second suit in state court over the same claim. After considering these and all of the other relevant factors disclosed in the record, the court finds that, on balance, Plaintiff should be allowed to amend and add FFT as a defendant.

Beusa argues that even if FFT is added, the court may ignore its citizenship under the jurisprudence that permits disregard of nominal or formal parties.  FFT is alleged to be responsible based on its ownership of and obligation to care for the road where the accident happened.  It may have an indemnity agreement with Beusa, or it may have untold insurance, but those additional avenues of recovery do not render FFT a mere nominal party any more than it does the negligent driver of a car who happens to be well insured.  Accordingly, Plaintiff's **Motion For Leave to File Amended Complaint (Doc. 11)** is **granted**, and this case is **remanded** to the 42nd Judicial District Court, DeSoto Parish, Louisiana, where it was pending as Case No. 79739.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of April, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE